# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NHU NGUYEN, | : | |
|     Plaintiff | : | No. 1:18-cv-01313 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| ELWOOD STAFFING SERVICES, | : | |
| INC. d/b/a BERKS & BEYOND | : | |
| EMPLOYMENT SERVICES, | : | |
| et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court are: (1) Defendant Elwood Staffing Services, Inc. ("Defendant Elwood")'s motion to dismiss Plaintiff Nhu Nguyen ("Plaintiff")'s complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 9) and (2) Plaintiff's motion for leave to file an amended complaint (Doc. No. 17). Based on the following, the Court will grant Plaintiff's motion for leave to file an amended complaint (Doc. No. 17) and deny Defendant Elwood's motion to dismiss (Doc. No. 9) as moot.

## I. BACKGROUND

### A. Procedural Background

Plaintiff initiated the above-captioned action by filing a four-count complaint against Defendants Elwood and the Hershey Company ("Defendant Hershey") on June 28, 2018. (Doc. No. 1.) Plaintiff's complaint alleges Title VII violations stemming from her termination of employment. (Id.) Defendant Hershey filed an answer to Plaintiff's complaint on September 12, 2018. (Doc. No. 7.) On September 20, 2018, Defendant Elwood filed the instant motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 9.) Defendant Elwood's motion to dismiss has been fully briefed. (Doc. Nos. 12, 20, 24.) On October 25, 2018, Plaintiff filed the instant motion for leave

file an amended complaint, through which she seeks to add System One Holdings, LLC ("System One") as a defendant in the above-captioned action. (Doc. No. 17.)[1] Plaintiff filed a brief in support of her motion on October 26, 2018. (Doc. No. 18.) Defendant Elwood filed a brief in opposition to Plaintiff's motion for leave to file an amended complaint on November 7, 2018. (Doc No. 19.) On June 7, 2019, the Court ordered Defendant Elwood and Plaintiff to address the potential applicability of the Supreme Court's opinion in Fort Bend County, Texas v. Davis, 587 U.S. ___ (2019), to the Court's disposition of the instant motion to dismiss. (Doc. No. 25.) Defendant Elwood and Plaintiff submitted filings responsive to the Court's June 7, 2019 Order in June of 2019. (Doc. Nos. 26-28.) Accordingly, both motions are ripe for disposition.

### B. Factual Background[2]

The allegations in Plaintiff's proposed amended complaint stem from Plaintiff's allegedly discriminatory termination of employment by System One and Defendants Hershey and Elwood. (Doc. No. 17-2.) Plaintiff contends that she was placed as a "temporary employee" with Defendant Hershey through System One and Defendant Elwood. (Id. ¶ 9.) Plaintiff alleges that while she held that position, Defendants were her joint employers. (Id. ¶ 8.) She further alleges that she "was told that if her performance and attendance were satisfactory over a period of time, she would be hired directly by [Defendant] Hershey as a full-time employee." (Id. ¶ 10.) Plaintiff asserts that she began quality control training in that position on May 11, 2017 and completed training on May 19, 2019, at which point she commenced her duties performing

---

[1] Defendant Hershey does not oppose Plaintiff's motion for leave to file an amended complaint. (Doc. No. 17-5 ¶ 10.)

[2] Unless otherwise noted, the information in this section is derived from Plaintiff's proposed amended complaint. (Doc. No. 17-2.)

2

quality control work, checking for defective products on the assembly line. (Id. ¶¶ 11, 12.) Plaintiff, who is of Vietnamese national origin, alleges that she "was treated with unjustified animosity" on a daily basis by her worksite supervisors, at least some of whom were employed by System One. (Id. ¶¶ 3, 14, 15.) On May 26, 2017, Plaintiff was unable to enter her work area because her entry pass had been deactivated. (Id. ¶ 16.) Plaintiff alleges that after she was escorted to another area, the agent of System One and Defendants Hershey and Elwood, a non-Vietnamese individual named Kelly, informed Plaintiff that she was discharged from her position and told Plaintiff to clean out her locker. (Id. ¶ 17.) When Plaintiff inquired with Defendant Elwood as to the reason she had been terminated, she was allegedly informed that Defendant Hershey terminated her because "they could not understand" Plaintiff. (Id. ¶ 18.) Plaintiff alleges that at that point, she concluded that the animosity that her supervisors directed toward her was based on her Vietnamese accent. (Id. ¶ 19.) Plaintiff asserts that she speaks fluent English with a Vietnamese accent, that her accent did not seriously interfere with her job performance when she was employed by System One and Defendants Hershey and Elwood, and that her accent had never hindered her job performance in the twenty-three (23) years that she had previously worked for the United States Postal Service. (Id. ¶¶ 20-22.) Plaintiff alleges that she learned that Defendant Hershey "claimed that [D]efendant Elwood made the decision to terminate [P]laintiff based upon her purported poor performance." (Id. at ¶ 25.) Plaintiff alleges that the proffered reasons put forth by Defendants Elwood and Hershey were "false and [were] mere pretext to mask [their] discriminatory animus" (id. at ¶¶ 23, 26) and Plaintiff's national origin and Vietnamese accent were the true reasons for her termination (id. at ¶¶ 24, 27). Plaintiff claims that as a consequence of her termination, she was "subjected to humiliation, embarrassment, and mental anguish." (Id. ¶ 34.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) embodies a liberal approach to amendment of pleadings, instructing that a "court should freely give leave [to amend a pleading] when justice so requires." See Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). The Third Circuit has concluded that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Among the grounds that may justify a court's denial of leave to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." See Foman, 371 U.S. at 182. A pleading will be deemed futile if, as amended, it fails to state a claim upon which relief may be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) ("Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."). In assessing futility, a court applies the standard of legal sufficiency set forth under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434 (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

## III. DISCUSSION

The proposed amended complaint included as an exhibit to Plaintiff's motion for leave to file an amended complaint (Doc. No. 17-2) contains the same factual allegations presented in Plaintiff's original complaint (Doc. No. 1), in addition to a number of additional factual

allegations relating to System One. The proposed amended complaint also adds System One as a defendant and asserts two Title VII claims of national origin discrimination against System One, which mirror the Title VII claims of national origin discrimination asserted against Defendants Hershey and Elwood in both the original complaint and the proposed amended complaint. (Id. ¶¶ 43-43, 48-49.)

### A. Parties' Arguments

Plaintiff argues that because she has properly alleged a commonality of interests between System One and Defendants Hershey and Elwood and that System One was put on notice of the underlying Equal Employment Opportunity Commission ("EEOC") charges, her failure to name System One in the EEOC proceedings does not prevent her from asserting a Title VII claim against System One. (Doc No. 18 at 4-5.) Plaintiff contends that she has properly alleged notice in regard to System One based on its notification by Defendants Hershey or Elwood. (Id. at 5-6.) Finally, Plaintiff asserts that although Defendant Elwood raised the issue of exhaustion, neither defendant has challenged the sufficiency of the underlying discrimination claims, and because Plaintiff's proposed amended complaint asserts the same claims against System One, those claims should also be deemed sufficient at this stage of the proceedings. (Id. at 7.)

In opposition to Plaintiff's motion, Defendant Elwood argues that the Court should deny Plaintiff's motion for leave to file an amended complaint because amendment would be futile. (Doc. No. 19.) Defendant Elwood asserts that Plaintiff failed to name System One in the underlying EEOC proceedings and "has failed to demonstrate that System One and [Defendant] Elwood have the requisite commonality of interest" required to assert a Title VII claim against a party not named in the underlying EEOC proceedings. (Id. at 1-2, 5-7.) Defendant Elwood

further asserts that Plaintiff has failed to allege any facts that would provide any other basis to excuse Plaintiff's failure to name System One in the EEOC proceedings. (Id. at 7-9.)

Defendant Elwood next argues that even if there is a basis to excuse Plaintiff's failure to name System One in the charges filed with the EEOC, amendment of Plaintiff's complaint would be futile because Plaintiff's "proposed claim against System One is time barred, just like her claims against [Defendants] Elwood [] and Hershey." (Id. at 9.) Citing the arguments articulated in its briefing in support of its motion to dismiss Plaintiff's complaint, Defendant Elwood argues that because Plaintiff filed her EEOC charge 221 days after her termination, her claim is time barred because Title VII requires individuals to file discrimination charges "within 180 days of the allegedly discriminatory event." (Id. at 9-10) (citing 42 U.S.C. § 2000e-5(e)(1)). Defendant Elwood argues that although individuals in states like Pennsylvania have up to 300 days to file a charge, they can take advantage of that extended period only if they initially institute proceedings with the state agency. (Id. at 10.) Defendant Elwood asserts that because Plaintiff initially instituted proceedings with the EEOC, rather than the Pennsylvania Human Relations Commission ("PHRC"), the 180-day limitations period applies, and Plaintiff's claim is untimely because it was filed outside the limitations period.[3]

---

[3] Defendant Elwood provides a more detailed version of this argument in support of its motion to dismiss Plaintiff's complaint. (Doc. Nos. 9, 12, 24.) Defendant Elwood argues that the 180-day limitation for filing charges applies to a Title VII claim unless the claimant initially institutes proceedings with the relevant state or local agency, in which case the 300-day period applies. (Doc. No. 12 at 9-11.) Defendant Elwood asserts that the basis for the application of the 300-day limitation when charges are dually filed with the EEOC and the state agency stems from Mohasco Corporation v. Silver, 447 U.S. 807 (1980), in which the Supreme Court ruled that the claimant was entitled to the 300-day limitation even though the proceedings were filed with the EEOC because § 706(c) of Title VII required the EEOC to forgo processing charges for 60 days, during which time proceedings were initiated by the state agency. (Id. at 11-13.) Defendant Elwood contends that under the workshare agreement between the EEOC and the PHRC, the PHRC waives § 706(c)'s 60-day deferral period, which means that the proceedings are not initially instituted with the PHRC when charges are dually filed with the EEOC but, rather, are

initially instituted with the EEOC, and, therefore, the 180-day limitations period applies. (Id. at 13-14.)

Defendant Elwood further argues that the plain language of Title VII requires application of the 180-day limitations period to Plaintiff's Title VII claim. (Id. at 15-20.) Defendant Elwood argues that applying the 180-day period in the instant circumstances would be consistent with the plain meaning of § 706(e)(1) of Title VII, which imposes the 300-day period only when the claimant "initially instituted proceedings with a [s]tate or local agency." (Id. at 15.) Defendant Elwood asserts that automatically applying the 300-day limitation in states with workshare agreements would render the "initially instituted" provision of Title VII meaningless. (Id.) Defendant Elwood further contends that if Congress intended for the 300-day statute of limitations to apply automatically in states with workshare agreements, it could have adopted such a rule, as it did when it passed the Age Discrimination in Employment Act ("ADEA"). (Id. at 15-18.) Defendant Elwood argues that although the EEOC has adopted a regulation that applies the 300-day limitations period to the instant circumstances, it is not within the EEOC's power to adopt such a regulation because the regulation is inconsistent with § 706(e)(1). (Id. at 18.) Finally, Plaintiff argues that the Supreme Court's holding in EEOC v. Commercial Office Products Co., 486 U.S. 107 (1988) is inapplicable to the instant case because the limited issue before the Court in Commercial Products was "whether a state agency's waiver of the 60-day deferral period, pursuant to a worksharing agreement with the EEOC, constitutes a 'termination' of its proceedings so as to permit the EEOC to deem a charge filed and to begin to process it immediately." (Id. at 18-20) (internal quotation marks omitted) (citing Commercial Office Prods., 486 U.S. at 112).

In response, Plaintiff argues that the application of the 300-day limitations period to her Title VII claim is consistent with the Supreme Court's holding in Commercial Office Products and the Third Circuit's holding in Mandel v. M&Q Packaging Corporation, 706 F.3d 157 (3d Cir. 2013). (Doc. No. 20 at 2-6.) Plaintiff also argues that she initiated proceedings within the 240 days explicitly permitted by the Supreme Court in Commercial Office Products. (Id. at 6.) Finally, Plaintiff argues that a change in the law so that the 300-day limitations period did not apply to claims like Plaintiff's would be unfair to the individuals who relied on the representations of the Supreme Court and the EEOC that the 300-day limitations period applied to them. (Id. at 6-7.) In reply, Defendant Elwood argues that the Third Circuit's assertion that "[t]o bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice" in Mandel, 706 F.3d at 165, was dicta and, therefore, not binding on this Court. (Doc. No. 24 at 7-9.) Defendant Elwood also argues that the 240-day period discussed in Mohasco Corporation, 447 U.S. at 814 n.16, is no longer applicable due to a change in EEOC regulations. (Id. at 9-13.) Finally, Defendant Elwood asserts that Plaintiff is not entitled to equitable tolling. (Id. at 13-15.) Plaintiff and Defendant Elwood further addressed the Supreme Court's recent ruling in Davis in supplemental briefing. (Doc. Nos. 26-28.) Each party argued that the case supported their respective positions as to the applicable limitations period in the instant case. (Id.)

**B.     Whether Plaintiff Should be Granted Leave to File an Amended Complaint**

The Court first concludes that under the standard governing the Court's analysis of Plaintiff's motion, Plaintiff has not exhibited undue delay, bad faith, or dilatory motives. The Court further finds that permitting amendment of Plaintiff's complaint would not prejudice the other parties. Turning to the futility of amendment of Plaintiff's complaint, the Court concludes that amendment would not be futile and, therefore, will grant Plaintiff's motion for leave to file an amended complaint. Although Defendant Elwood notes that it is unaware of any of its employees notifying System One of Plaintiff's EEOC charge, Defendant Elwood admits that it "cannot speak for [Defendant] Hershey" in regard to its communication with System One. (Doc. No. 19 at 6.) As noted supra, Defendant Hershey has not objected to the instant motion for leave to file an amended complaint. Accordingly, the Court finds that any argument pertaining to the sufficiency of the Title VII claims asserted against System One would be best addressed by System One in a motion to dismiss the amended complaint, if System One chooses to file such a motion.

Further, the Court is unpersuaded by Defendant Elwood's argument that amendment would be futile because the claims against System One and Defendants Elwood and Hershey are time barred. Because Pennsylvania is a "deferral state," when an individual dually files discrimination charges with the EEOC and the PHRC, the 300-day limitations period applies. See Emmell v. Phoenixville Hosp. Co., LLC, 303 F. Supp. 3d 314, 325 (E.D. Pa. 2018) (citing Mandel, 706 F.3d at 165).[4] District courts in this circuit have regularly applied the 300-day

---

[4] While the Third Circuit did not explicitly rule on the issue of whether the 300-day limitations period applies to a Title VII claim when proceedings are dually filed with the EEOC and the PHRC in Mandel, it operated under such an assumption in its discussion of the continuing violation doctrine. See Mandel, 706 F.3d at 165 ("To bring suit under Title VII, a claimant in a

limitations period to charges dually filed with the EEOC and the PHRC in the context of a Title VII claim.  See, e.g., Muñoz v. Armstrong Flooring, Inc., No. 18-cv-1209, 2019 WL 2357759, at *8-9 (E.D. Pa. June 4, 2019); Washington-Morris v. Bucks Cty. Transp., Inc., No. 17-cv-3631, 2018 WL 2021081, at *5-7 (E.D. Pa. May 1, 2018); Berger v. Pa. Dep't of Transp., No. 16-cv-6557, 2018 WL 1918733, at *2 (E.D. Pa. Apr. 24, 2018); Mahan v. City of Phila., 296 F. Supp. 3d 712, 717-18 (E.D. Pa. 2017); see also Scott v. Rochester Gas & Elec., 333 F. Supp. 3d 273, 279 (W.D.N.Y. 2018) (applying 300-day limitations period to a charge dually filed with the EEOC and the New York State Division of Human Rights); EEOC v. Dolgencorp, LLC, 196 F. Supp. 3d 783, 801 (E.D. Tenn. 2016) (applying the 300-day limitations period to a charge dually filed with the EEOC and the Tennessee Human Rights Commission); Seery v. Biogen, Inc., 203 F. Supp. 2d 35, 44 (D. Mass. 2002) (applying the 300-day limitations period to a charge dually filed with the EEOC and the Massachusetts Commission Against Discrimination).  In the instant case, Plaintiff dually filed her charge of discrimination with both the EEOC and the PHRC on January 2, 2018.  (Doc. No. 20-2 at 2.)  Therefore, the 300-day statute of limitations applies to Defendant's claim, and, thus, Plaintiff has sufficiently stated a claim because she filed charges with the EEOC 221 days after her allegedly discriminatory termination.  Accordingly, the Court will grant Plaintiff's motion for leave to file an amended complaint.

---

deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice." (citing 42 U.S.C. § 2000e-5(e)(1))).

IV. **CONCLUSION**

Based on the foregoing, the Court will grant Plaintiff's motion for leave to file an amended complaint and deny Defendant Elwood's motion to dismiss as moot.[5] An appropriate Order follows.

---

[5] Because the Court grants Plaintiff's motion for leave to file an amended complaint, Plaintiff's complaint is no longer the operative pleading in the above-captioned action. Accordingly, the Court will deny Defendant Elwood's motion to dismiss Plaintiff's complaint as moot. See, e.g., Pippett v. Waterford Dev., LLC, 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001) ("The filing of an amended complaint generally renders a pending motion to dismiss moot." (citing Adams v. Goodyear Tire & Rubber Co., No. 96-4228-SAC, 1997 WL 833288, at *1 (D. Kan. Dec. 19, 1997))).